## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., | |
| *Plaintiff*, | |
| v. | |
| XAVIER BECERRA, Secretary of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROBERT CALIFF, Commissioner of Food and Drugs; U.S. FOOD AND DRUG ADMINISTRATION, | Case No. 1:23-cv-01819-APM |
| *Defendants,* | |
| AVADEL CNS PHARMACEUTICALS, LLC, | |
| *Intervenor-Defendant.* | |

## RESPONSE TO ORDER DIRECTING JAZZ TO SHOW CAUSE THAT ITS RELATED CASE DESIGNATION IS PROPER

Jazz Pharmaceuticals, Inc. ("Jazz") respectfully submits its response to the Order to Show Cause dated June 27, 2023 ("OSC"), in which the Court directed Jazz to explain "why this matter should not be forwarded to the Calendar Committee for random reassignment."

Jazz identified this action as being related to *Avadel CNS Pharmaceuticals, LLC v. Becerra* et al., 22-cv-2159 (APM) ("*Avadel*"), pursuant to Local Civil Rule 40.5(a)(4). That rule stands as an exception to the general presumption of random assignment. It embodies both a general desire to encourage judicial economy and a specific intention to prohibit litigants from trying to shop for a new judge. *See Tripp v. Exec. Off. of President*, 196 F.R.D. 201, 202 (D.D.C. 2000). The rule thus provides that a related case designation is proper where "a case is dismissed,

with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter." LCvR 40.5(a)(4).

Jazz believes that all requirements of the rule were met. First, the parties here are the same as in *Avadel*. Second, the issues presented relate to the same subject matter as in *Avadel*, namely, FDA's review and disposition of Avadel's new drug application for Lumryz. Third, *Avadel* was resolved pursuant to the "no other adequate remedy" requirement of 5 U.S.C. § 704, which is normally thought to constitute a dismissal.

The OSC raises a concern that the *Avadel* matter may not have been "dismissed" within the meaning of Rule 40.5(a)(4) because *Avadel* was resolved on cross-motions for summary judgment. The OSC specifically cites *Wilderness Soc'y v. Bernhardt*, No. 20-cv-1176 (BAH), 2020 WL 2849635, at *2 (D.D.C. June 2, 2020), where Chief Judge Howell found that a prior entry of summary judgment in favor of the defendants did not constitute a "dismissal" for purposes of Rule 40.5(a)(4).

Jazz respectfully submits that the *Wilderness Society* decision supports the designation of this case as related to *Avadel*. Chief Judge Howell interpreted the term "dismissal" in the Local Rule as a resolution "before the court reache[d] the merits," and contrasted that outcome with a "judgment" that disposed of the case "on the merits." *See Wilderness Soc'y*, 2020 WL 2849635, at *2 ("Local Rule 40.5(a)(4) cannot apply here because the [prior] cases were disposed of on the merits, not dismissed."). In contrast, this Court decided *Avadel* on a threshold, non-merits issue—that Avadel could not state a claim under the Administrative Procedure Act ("APA") by operation of 5 U.S.C. § 704, because it had an adequate alternative remedy in another court. *See Avadel CNS Pharma., LLC v. Becerra*, No. 22-cv-02159 (APM), 2022 WL 16650467, at *3 (D.D.C. Nov. 3, 2022) ("[T]he court determines that Avadel has another adequate remedy at law

and therefore cannot state an APA claim…"). Having reached that conclusion, the Court expressly declined to reach the parties' arguments on the merits. *See id.* ("[T]he court does not reach Federal Defendants' and Jazz's other arguments…").

Under *Wilderness Society*, that non-merits resolution is best understood as a "dismissal" for purposes of Local Rule 40.5(a)(4) even if the dispositive motions were filed under Rule 56 instead of Rule 12.  On that point, it is important to remember that *Avadel* involved an expedited, consolidated proceeding in which the parties simultaneously briefed Avadel's preliminary injunction motion, the non-merits issues that Jazz raised (but the government did not), and the parties' arguments on the merits.  That approach laudably served the interests of judicial economy.  It did not, however, change the ultimate character of either Jazz's argument that Avadel **could not state a claim** under the APA in light of Section 704 or the Court's decision agreeing with Jazz on that issue.

For these reasons and those discussed below, Jazz respectfully submits that the interests of judicial economy and the purposes of the Local Civil Rule are best served if this Court hears the instant action.  Ultimately, however, Jazz recognizes that this is an issue vested in the Court's sound discretion.  Jazz therefore asks that, if a reassignment is to occur, that it occur quickly so that this time-sensitive[1] litigation may continue without delay.

## I.      Background

The present case is a direct continuation of *Avadel CNS Pharmaceuticals, LLC v. Becerra et al.*, 22-cv-2159 (APM).  In that case, Avadel sued FDA to overturn the agency's decision that Avadel's new drug application for Lumryz™ (sodium oxybate)—which had identified Jazz's

---

[1] Jazz is currently attempting to negotiate with FDA and Avadel for submission to the Court an expedited schedule for resolution of this case via cross-motions for summary judgment, as was done in *Avadel*, in order to obviate the need for emergency motion practice.

product Xyrem® (sodium oxybate) as the listed drug pursuant to 21 U.S.C. § 355(b)(2)—was
required to contain a patent certification regarding one of the patents listed in the *Orange Book*
for Xyrem ("the '963 patent").

Avadel's complaint and motion for preliminary injunction against FDA were filed on
July 21, 2022, and the litigation was randomly assigned to this Court on July 25, 2022.  The next
day, on July 26, 2022, the Court ordered the parties to provide a briefing schedule and evaluate
whether the case could be consolidated and disposed of pursuant to Federal Rule of Civil
Procedure 65(a).  On July 27, 2022, Avadel and FDA provided their Joint Status Report, in
which they agreed (1) to consolidate the preliminary injunction motion with the merits, and (2) to
resolve the case through cross-motions for summary judgment.  Later that day, Jazz moved to
intervene as a Defendant without opposition.  At Avadel's request, Jazz agreed to abide by the
scheduling order that had been set out in the Joint Status Report.  On July 28, 2022, the Court
both adopted the schedule from the Joint Status Report and granted Jazz's motion to intervene.
Thus, from the outset of the case, it was predetermined that the *Avadel* case would not involve
motions filed under Rule 12.

The issue that resolved the case, however, ***did*** sound under Rule 12.  Jazz, but not FDA,
argued that Avadel could not state a claim under the APA because Avadel had other adequate
remedies at law, including the ability to pursue a statutory counterclaim in the ongoing patent
litigation to delist the '963 patent.  The Court found that argument dispositive and therefore
granted Jazz's Cross-Motion for Summary Judgment.

The dispute between Avadel and Jazz about the '963 patent then returned to the patent
litigation, which concluded in February 2023 with a Federal Circuit ruling for Avadel. *See Jazz*

*Pharms., Inc. v. Avadel CNS Pharms., LLC*, 60 F.4th 1373 (Fed. Cir. 2023). Immediately thereafter, Jazz requested delisting of the '963 patent.

Meanwhile, FDA continued to consider Avadel's application for Lumryz and ultimately approved Lumryz on May 1, 2023. FDA's approval of Lumryz finally resolved an important question of regulatory exclusivity that had been outstanding throughout the *Avadel* litigation. One of the unusual aspects of the *Avadel* litigation was that FDA had not yet determined that Lumryz was approvable when Avadel filed suit in July 2022.  Thus, FDA's patent decision had informed Avadel that the agency had not determined "whether any orphan drug exclusivity (ODE) recognized for Xyrem under NDA 021196 or for Xywav (calcium, magnesium, potassium, and sodium oxybates) oral solution under NDA 212690 affects the approvability of Avadel's NDA 214755." *Avadel*, ECF No. 2-21 at 2 n.4 (July 21, 2022). FDA's tentative approval letter for Lumryz included similar language. *See Avadel*, ECF No. 2-41 at 1 n.1 (July 21, 2022). Jazz emphasized the unresolved ODE question in its motion to intervene, *see Avadel*, ECF No. 14 at  5, 12-13 (July 27, 2022), and argued that the unresolved ODE question meant that Avadel did not challenge a final agency action, *see Avadel*, ECF No. 29 at 15-17 (Aug. 31, 2022). The Court inquired about the ODE question at oral argument, *see* Tr. of Oral Argument Proceedings, *Avadel,* ECF No. 40 at 28 (Oct. 13, 2022) ("So the orphan drug [exclusivity] issue, right, that's unresolved. So if everybody agrees that there's this still other critical step in the process, why do you have final agency action here?"), but the Court ultimately chose not to reach the finality issue, *see Avadel CNS Pharma.*, 2022 WL 16650467, at *3 ("[T]he court does not reach…whether the Patent Decision is a final agency action.").

FDA has now answered the ODE question by determining that Lumryz can "overcome" the unexpired ODE protecting Jazz's product Xywav® (calcium, magnesium, potassium &

sodium oxybates). FDA reasoned that the once-nightly dosing regimen for Lumryz made it clinically superior to Xywav, even though the agency conceded that Xywav is safer than Lumryz for all narcolepsy patients, and that the clinical superiority can defeat Xywav's unexpired exclusivity. In its Complaint in this matter, Jazz challenges FDA's determination on various grounds, including that it was (1) contrary to the text of the Orphan Drug Act; (2) inconsistent with FDA's regulations; (3) an inadequately explained departure from controlling FDA policy; (4) an entirely unexplained departure from FDA's internal operating procedures and regular order; and (5) not based on established evidence, data, or scientific literature.

Because this matter is the latest (and presumably final) chapter in a long running dispute between these parties, Jazz included a notice of related case pursuant to Local Civil Rule 40.5 when filing its Complaint.

## II.    Argument

Chief Judge Howell's opinion in *Wilderness Society* identifies three elements of the related case test: (1) the two cases must involve identical parties; (2) the two cases must relate to the same subject matter; and (3) the first case must have been dismissed, with prejudice or without.  2020 WL 2849635, at *1.  Jazz believes the first two factors are undeniably satisfied. The parties are identical and the two cases clearly pertain to the same subject matter.  The only issue, then, is whether *Avadel* was dismissed within the meaning of the local rule. Jazz submits that the answer is "Yes."

### a.  *Avadel* Was "Dismissed" Within the Meaning of the Local Rule

As explained in *Wilderness Society*, Rule 40.5(a)(4) "cannot apply" when the earlier case was "disposed of on the merits" because the word "dismissed" refers to a "disposition of a case before the court reaches the merits." 2020 WL 2849635, at *2 (quoting Fed. R. Civ. P. 12, 41).

6

Because courts often grant summary judgment **on the merits**, the OSC correctly observes that such cases ordinarily are not "'dismissed' as that term is used in…Rule 40.5(a)(4)." *Id.*

Avadel, however, was different.  The Court resolved *Avadel* on a threshold, non-merits ground, and it did so using the language of Federal Rule of Civil Procedure 12(b)(6). *See Avadel CNS Pharms.*, 2022 WL 16650467, at *3 ("Avadel has another adequate remedy at law and therefore **cannot state** an APA claim…") (emphasis added).  As a result, the Court expressly declined to "reach Federal Defendants' and Jazz's other arguments," including their "merits arguments" that FDA had "acted within its statutory authority." *Id.*

Although the alternative remedy issue under Section 704 was addressed at the summary judgment stage in *Avadel*, that was solely due to the consolidated and expedited case schedule that FDA and Avadel had proposed to the Court before Jazz intervened in the case.  There is, in general, no bar to entertaining issues that can be raised on Rule 12(b)(6) motions at the summary judgment stage. *Cf.* Fed. R. Civ. P. 12(h) (failure to state a claim can be raised by pleading, motion, or at trial). Moreover, many cases in this district have considered and disposed of cases under Section 704 at the motion to dismiss stage.  *See Mittleman v. U.S. Treasury*, 773 F. Supp. 442, 449 (D.D.C. 1991) ("Congress has provided plaintiff with statutory schemes and remedies through which she may seek relief. Thus, her APA claim is properly dismissed under § 704."); *see also Bowen v. Massachusetts*, 487 U.S. 879, 902 (1988) (calling Section 704 a "bar to judicial review of agency action when there is an 'adequate remedy' elsewhere"); *Garcia v. Vilsack*, 563 F.3d 519, 522 (D.C. Cir. 2009) (affirming the district court's "dismissal of those claims on the ground that [statute] provided appellants an adequate remedy at law"). Indeed, Rule 12(b)(6) is the presumptively correct vehicle for such arguments. *See Albra v. Bd. of Trs. of Miami Dade Coll.*, 296 F. Supp. 3d 181, 189 (D.D.C. 2018), *aff'd*, No. 18-5051, 2018 WL

3526305 (D.C. Cir. July 9, 2018) (finding that a complaint "fails to state a claim upon which relief can be granted" when there is an adequate alternative review procedure within the meaning of § 704); *Williams v. Conner*, 522 F. Supp. 2d 92, 102 (D.D.C. 2007) ("Defendant argues that [Plaintiff's] claim under the Administrative Procedure Act must be dismissed because the APA is only available where there is no other adequate remedy. The Court notes, once again, that the government's APA argument appears to be properly brought under Rule 12(b)(6) of the Federal Rules for failure to state a claim and not as a jurisdictional matter under Rule 12(b)(1).") (citation omitted).

This Court ruled for Jazz in *Avadel* on precisely such grounds, finding that the existence of an adequate alternative remedy was sufficient to decide the case. Consistent with the prevailing understanding of Section 704, that non-merits decision should be considered a dismissal for purposes of Local Civil Rule 40.5(a)(4).

### b. Judicial Economy Cuts Against Reassignment

As a final consideration, a related case finding would best serve the underlying purpose of the exception to the general rule of random case assignment—judicial economy. This court's cases recognize that "[i]t will often prove wasteful of time and resources for two judges to be handling cases that are so related that they involve common factual issues or grow out of the same event or transaction." *Tripp*, 196 F.R.D. at 202; *see also Comm. on the Judiciary v. McGahn*, 391 F. Supp. 3d 116, 121-22 (D.D.C. 2019). This Court has unique familiarity with the parties' disputes regarding FDA's handling of the NDA for Lumryz, the parties, and the prior proceedings in this case. Every other judge would therefore start at a comparative disadvantage in expeditiously addressing the core issue in this case: Whether FDA acted unlawfully in approving Lumryz.

### III.      Conclusion

Jazz respectfully submits that both judicial economy and the purposes of the Local Rule are best served if this Court retains this action.  If the Court determines that the case should be reassigned, Jazz respectfully requests that the reassignment occur swiftly so that the case may proceed efficiently and without delay.


Date: June 29, 2023                                           Respectfully submitted,

                                                              /s/ Kwaku A. Akowuah
                                                              Kwaku A. Akowuah (D.C. Bar No. 992575)
                                                              Sean C. Griffin (D.C. Bar No. 499537)
                                                              Christopher S. Ross (D.C. Bar No. 1643856)
                                                              Peter A. Bruland (D.C. Bar No. 1600717)
                                                              SIDLEY AUSTIN LLP
                                                              1501 K Street, N.W.
                                                              Washington, D.C. 20005
                                                              kakowuah@sidley.com
                                                              sgriffin@sidley.com
                                                              christopher.ross@sidley.com
                                                              pbruland@sidley.com
                                                              T: (202) 736-8000
                                                              F: (202) 736-8711

                                                              *Counsel for Plaintiff Jazz Pharmaceuticals, Inc.*