# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., <br> *Plaintiff*, <br> v. <br> XAVIER BECERRA, Secretary of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROBERT CALIFF, Commissioner of Food and Drugs; U.S. FOOD AND DRUG ADMINISTRATION, *Defendants*, <br> AVADEL CNS PHARMACEUTICALS, LLC, <br> *Intervenor-Defendant*. | No. 1:23-cv-1819-APM |

## MOTION OF 22 NARCOLEPSY PATIENTS, PUBLIC INTEREST ORGANIZATIONS, MEDICAL PROFESSIONALS, AND PROFESSORS OF LAW FOR LEAVE TO FILE A BRIEF OF *AMICI CURIAE*

Proposed *amici curiae* 22 Narcolepsy Patients, Public Interest Organizations, Medical Professionals, and Professors of Law hereby move for leave to file a brief in the present case in support of Defendant. The proposed brief is attached to this motion. Plaintiff Jazz Pharmaceuticals states that it takes no position on this motion; the government and Intervenor-Defendant Avadel CNS Pharmaceuticals both consent to the filing of this brief.

Movants comprise two nonprofit organizations that advocate on behalf of patient interests, as well as narcolepsy patients, medical professionals, and professors of law. A full description is given in the Interest of *Amici Curiae* section of the tendered brief. Movants have an interest in advancing the law in the service of patient health and welfare, and ensuring that patients with narcolepsy have access to beneficial and improved treatments.

1. The brief is desirable and relevant to the disposition of this case for at least two reasons. First, the brief presents patients' perspectives on the importance and benefits of the drug in question in this case. The difference between a sleep medication that requires patients to wake up mid-sleep for a second dose, as Jazz's incumbent products require, and a once-nightly sleep aid like Avadel's is life-changing to thousands of patients with narcolepsy. The brief informs the Court of the harms, injuries, and negative consequences for patients, families, friends, and colleagues that would result from pulling approval of this narcolepsy treatment as Jazz would have this Court do.

Second, the brief offers a doctrinal pathway for this Court to vindicate patient interests in the context of the statutory interpretation question at issue. Drawing from jurisprudence and scholarship on market exclusivities in law, the brief demonstrates that the contested statutory phrase "same drug" can and should be interpreted in light of competition policy and patient welfare. It further identifies tensions between the larger statutory aims of the Orphan Drug Act and a narrow focus on innovation incentives that Jazz relies upon. Accordingly, the perspectives of patients presented in the brief are central to the determination of what constitutes the "same drug," and are of utmost relevance to the disposition of this case.

2. The positions of Movants expressed in this brief are not adequately represented by any party. The pharmaceutical firm parties plainly stand in a different place in the market than patients do. While the government indirectly represents the public at large, it does not represent the community or interests of narcolepsy patients specifically. As a result, participation of Movants is necessary to advocate on behalf of patient interests both as applied in this case and to the interpretation of the Orphan Drug Act and the law in general.

For at least the foregoing reasons, the tendered brief is desirable, the positions therein are not adequately represented by a party, and the matters asserted are relevant to the disposition of the case. Leave to file is respectfully requested.

Respectfully submitted,

Dated: October 24, 2023

/s/ Charles Duan
Charles Duan (D.C. Bar No. 1013998)
American University Washington College of Law
4300 Nebraska Avenue NW
Washington, DC 20016
(202) 274-4124
notices.ecf@cduan.com

*Counsel for amici curiae*