UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> XAVIER BECERRA, Secretary of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROBERT CALIFF, Commissioner of Food and Drugs; U.S. FOOD AND DRUG ADMINISTRATION, <br><br> *Defendants*, <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> *Intervenor-Defendant*. | Case No. 1:23-cv-1819-APM |

**PLAINTIFF'S PROTECTIVE MOTION
TO COMPLETE AND SUPPLEMENT THE RECORD**

Plaintiff Jazz Pharmaceuticals, Inc. respectfully moves this Court to complete and supplement the administrative record with Exhibits 1 to 39 to the Declaration of Sean C. Griffin, ECF No. 35 (Sept. 15, 2023) and Exhibits 44 to 47 to the Second Declaration of Sean C. Griffin (Nov. 15, 2023). In support, Jazz states:

**1.** Jazz previously moved for judicial notice of certain of the exhibits attached to the Griffin Declaration on the grounds that they were official records of the Defendant Food and Drug Administration ("FDA"). In response, FDA and Intervenor-Defendant Avadel CNS Pharmaceuticals LLC ("Avadel") opposed judicial notice and moved to strike all such exhibits, primarily based on an argument that the Court could not consider the exhibits unless Jazz moved to complete or supplement the administrative record.

2.     Jazz disagrees for the reasons described in its Combined Reply in Support of Plaintiff's Motion for Judicial Notice, Opposition to Defendants' Motions to Strike, and Memorandum in Support of Plaintiff's Protective Motion to Complete and Supplement the Record (Nov. 15, 2023) ("Combined Brief"). Nevertheless, and out of an abundance of caution, Jazz is filing this protective motion to complete and supplement the record.

3.     The points and authorities in support of this motion are more fully set out in Jazz's Combined Brief. Briefly, though, a court may complete the record when there is "evidence that should have been properly a part of [that] record but was excluded by the agency." *Oceana, Inc. v. Ross*, 290 F. Supp. 3d 73, 77 (D.D.C. 2018). The movant must show that the materials actually exist by identifying them "with sufficient specificity," *Univ. of Colo. Health at Mem'l Hosp. v. Burwell*, 151 F. Supp. 3d 1, 13 (D.D.C. 2015), and must provide "reasonable, non-speculative grounds" based on "concrete evidence" indicating "that they were considered by the agency." *Oceana Inc.*, 290 F. Supp. 3d at 78-79. The record should be completed with the following materials:

- **Exhibit 1** was before the agency because it is an FDA record, it is a prior FDA decision, and it was alluded to in the Decision Letter. *See* AR1365 n.147.

- **Exhibit 10** was before the agency because it is an FDA record, it is a prior FDA decision, and it was summarized in a subsequent memo that is in the record. *See* AR1520.

- **Exhibits 4, 8, 12 and 14** were before the agency because they are official FDA rules.

- **Exhibits 44 to 47** were before the agency because they are FDA records and are prior FDA decisions. They are also directly responsive to arguments asserted by Avadel.

- **Exhibits 26, 27, and 38** were before the agency because they are FDA records, they are prior FDA decisions, and they are substantively related to the discussions of oxybate and disrupted nighttime sleep in the Decision Letter.

■ ███████████  ████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████████████████████████████

■ ███████████  ████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████████████████████████████

- **Exhibits 19, 22, 25, 28, 29, 30, 32, and 39** were before FDA because they are medical journal articles that are discussed and or cited in other documents in the administrative record. *See* AR1166; AR1169; AR1767; AR1883; AR1959; AR2050; AR2052; AR2103.

- **Exhibits 18, 19, 20, 21, 22, 24, and 25** were before FDA because they are medical journal articles that were submitted as part of the NDA for Xyrem, and they were each specifically reviewed by Dr. Ranjit Mani in that context. Dr. Mani was one of the Review Division officials who participated in the decision below.

- **Exhibits 17, 19, 21, 22, 25, 29, 30, 31, 33, 34, and 36** were all before FDA because they are medical journal articles that were discussed in and attached to Jazz's 2020 request to the Review Division for permission to study Xywav as a treatment for disrupted nighttime sleep. That request was denied by the then-Acting Director of the Review Division, Dr. Eric Bastings in December 2020. Dr. Bastings signed the Review Division's decision in August 2021 that Lumryz is not clinically superior to Xywav.

3

4. A court may also supplement the administrative record with materials that were not before the agency in the first instance, but which "the plaintiff 'believes should nonetheless be included in the administrative record.'" *Oceana I*, 290 F. Supp. 3d at 77 (quoting *Univ of Colo.*, 151 F. Supp. 3d at 13). Supplementation is warranted only in unusual circumstances. *Id.* (citing *City of Dania Beach v. FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010)). Because unusual circumstances exist, the record should be supplemented with the following materials:

- On information and belief, FDA deliberately and or negligently excluded the materials that were attached to or discussed in the submissions made by both Jazz and Avadel. That includes **Exhibits 3, 11, 13, 14, 17, 24, and 34**.

- On information and belief, FDA deliberately and or negligently excluded relevant agency precedent, including **Exhibits 1, 10, 26, 27, 38, and 44 to 47**.

- Consideration of some of the exhibits is necessary to determine whether FDA complied with its procedural obligations. That includes **Exhibits 1, 4 to 8, 10 and 44 to 47**.

- Some of the exhibits provide background information that is necessary to determine whether FDA considered all of the relevant factors. This includes **Exhibits 17 to 25, Exhibits 28 to 37, and Exhibit 39**.

5. Pursuant to Local Civil Rule 7.1(m), Jazz conferred with opposing counsel prior to filing this motion. FDA and Avadel both oppose this motion.

6. A proposed order is attached.

Dated:  November 15, 2023

                                    Respectfully submitted,

                                    <u>/s/ Kwaku A. Akowuah</u>
Kwaku A. Akowuah (D.C. Bar No. 992575)
Sean C. Griffin (D.C. Bar No. 499536)
Tobias S. Loss-Eaton (D.C. Bar No. 1019749)
Peter A. Bruland (D.C. Bar No. 1600717)
SIDLEY AUSTIN LLP
1501 K Street N.W.
Washington, DC 20005
T: (202) 736-8000
F: (202) 736-8711
kakowuah@sidley.com
sgriffin@sidley.com
tlosseaton@sidley.com
pbruland@sidley.com

*Counsel for Plaintiff*
*Jazz Pharmaceuticals, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on November 15, 2023, I electronically filed the foregoing motion using the Court's CM/ECF system, which will send notice to all registered CM/ECF users.


Date: November 15, 2023                                         /s/ Kwaku A. Akowuah
                                                                Kwaku A. Akowuah