**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> XAVIER BECERRA, Secretary of Health and Human Services <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES <br><br> ROBERT M. CALIFF, Commissioner of Food and Drugs <br><br> U.S. FOOD AND DRUG ADMINISTRATION <br><br> Defendants, <br><br> and <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant-Intervenor | Case No. 23-cv-01819-APM |

**DEFENDANT-INTERVENOR'S COMBINED REPLY IN SUPPORT OF MOTION
TO STRIKE AND OPPOSITION TO PLAINTIFF'S PROTECTIVE MOTION
TO COMPLETE AND SUPPLEMENT THE RECORD**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT..........................................................................................................................1

I.   JAZZ'S MOTION TO COMPLETE OR SUPPLEMENT THE RECORD IS
     UNTIMELY................................................................................................................1

II.  JAZZ HAS FAILED TO SHOW THAT THE RECORD IS INCOMPLETE OR
     REQUIRES SUPPLEMENTATION...........................................................................3

     A.   Jazz Fails To Meet The Standard To Complete The Record ..................................3
     B.   Jazz Fails To Meet The Standard To Supplement The Record ..............................5

III. CONCLUSION............................................................................................................8

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Banner Health v. Price*,
    867 F.3d 1323 (D.C. Cir. 2017) ................................................................................................2

*City of Dania Beach v. FAA*,
    628 F.3d 581 (D.C. Cir. 2010) ..................................................................................................7

*Conservation Force v. Salazar*,
    No. 10-CV-1262, 2012 WL 11947683 (D.D.C. Feb. 6, 2012) ..................................................5

*County of San Miguel v. Kempthorne*,
    587 F. Supp. 2d 64 (D.D.C. 2008) ............................................................................................4

*Deripaska v. Mnuchin*,
    No. 19-CV-727, 2020 WL 7828783 (D.D.C. Dec. 29, 2020) ................................................5, 6

*Dist. Hosp. Partners, L.P. v. Burwell*,
    786 F.3d 46 (D.C. Cir. 2015) ....................................................................................................6

*Dist. Hosp. Partners, L.P. v. Sebelius*,
    971 F. Supp. 2d 15 (D.D.C. 2013) ............................................................................................3

*Ferring Pharms., Inc. v. Burwell*,
    No. 15-CV-802, 2016 WL 4734333 (D.D.C. Sept. 9, 2016) .....................................................8

*Grunewald v. Jarvis*,
    924 F. Supp. 2d 355 (D.D.C. 2013) ..........................................................................................4

*Hight v. DHS*,
    No. 19-CV-2094, 2020 WL 12918345 (D.D.C. Mar. 30, 2020) ...............................................5

*Hill Dermaceuticals, Inc. v. FDA*,
    709 F.3d 44 (D.C. Cir. 2013), ...................................................................................................6

*Kiakombua v. Wolf*,
    498 F. Supp. 3d 1 (D.D.C. 2020) ..............................................................................................8

*Las Ams. Immigrant Advoc. Ctr. v. Wolf*,
    507 F. Supp. 3d 1 (D.D.C. 2020) ..............................................................................................8

*Long v. HHS*,
    422 F. Supp. 3d 143 (D.D.C. 2019) ..........................................................................................6

*Nat. Res. Def. Council, Inc. v. Doremus*,
 No. 20-CV-1150, 2021 WL 2322349 (D.D.C. June 7, 2021) .................................................. 8

*Nio v. Dep't of Homeland Sec.*,
 385 F. Supp. 3d 44 (D.D.C. 2019) ......................................................................................... 8

*Oceana, Inc. v. Ross*,
 290 F. Supp. 3d 73 (D.D.C. 2018) ......................................................................................... 3

*Oceana, Inc. v. Ross*,
 454 F. Supp. 3d 62 (D.D.C. 2020) ...................................................................................... 6, 7

*Safari Club Int'l v. Jewell*,
 111 F. Supp. 3d 1 (D.D.C. 2015) ........................................................................................... 5

*Taylor Energy Co. LLC v. United States*,
 No. 20-CV-1086, 2021 WL 538052 (D.D.C. Feb. 15, 2021) ................................................ 4

*WildEarth Guardians v. Salazar*,
 670 F. Supp. 2d 1 (D.D.C. 2009) ........................................................................................... 4

**INTRODUCTION**

A month after Avadel and FDA moved for summary judgment, Jazz has now moved to complete and supplement the record. Dkt. 65. Jazz requests to add to the administrative record 43 exhibits spanning over 350 pages, namely, "Exhibits 1 to 39 to the Declaration of Sean C. Griffin . . . and Exhibits 44 to 47 to the Second Declaration of Sean C. Griffin," *id.* at 1, which would add to a record that already contains 94 documents spanning nearly 2,300 pages.

Jazz's approach of moving to modify the record only after the parties have already filed their motions for summary judgment and are left with reply briefs is highly irregular and prejudicial, as it has placed Avadel and FDA in the impossible position of trying to file page-limited briefing without knowing which of Jazz's documents (if any) would be considered by the Court. As Avadel has previously indicated (*see* Dkt. 43 at 3), it of course does not object to documents that are already in the record, or that reflect FDA's undisputed policies and structure:

- Documents already in the administrative record: Exhibit 16.
- Documents on FDA's undisputed standard operating procedures: Exhibits 4, 8.
- Documents on FDA's undisputed organizational structure: Exhibits 5–7.

That aside, Jazz's Motion to Complete and/or Supplement the Record (Dkt. 65, "Motion") should be denied as to Exhibits 1–3, 9–15, 17–39, and 44–47 because it is both untimely and lacks merit.

**ARGUMENT**

**I.   JAZZ'S MOTION TO COMPLETE OR SUPPLEMENT THE RECORD IS UNTIMELY**

Jazz's Motion should be denied because Jazz waited until after Avadel and FDA filed motions for summary judgment to file the instant Motion, resulting in prejudice to Avadel.

FDA produced the administrative record on August 11, 2023, over a month before the deadline for Jazz's Motion for Summary Judgment. Dkt. 32. On August 22, 2023, Jazz sent FDA

1

a detailed 7-page letter requesting to confer on the contents of the record. Dkt. 35 at 47–54. The parties conferred on August 24, 2023, and FDA addressed many of Jazz's concerns (for example, de-designating certain documents as "Confidential"). If Jazz still had concerns, the time to seek the Court's intervention was before moving for summary judgment on September 15, 2023, or, at the latest, before Avadel and FDA cross-moved on October 20, 2023. Instead, on September 12, 2023, Jazz sent a second letter grumbling about a handful of categories of documents *not* at issue in its instant Motion, but otherwise raising no further objection to the contents of the record. *Id.* at 55–56. Even when Jazz moved for summary judgment, Jazz requested judicial notice of only 16 out of the 43 exhibits subject to its present Motion, Dkt. 37, which Avadel and FDA in turn opposed, Dkts. 43, 47-1. Jazz finally filed the instant Motion on November 15, 2023, Dkt. 65, nearly a month after Avadel and FDA moved for summary judgment, Dkts. 44, 46.

Jazz's sandbagging is prejudicial and improper. Throughout the parties' summary judgment briefing, Avadel has had to guess which exhibits the Court might ultimately consider, on top of the 2,300 pages of record materials, and address a selection of Jazz's exhibits at a high level as best it could. While Jazz's "let's play Guess" strategy might not be prejudicial for one or two exhibits inadvertently omitted from the record, it certainly is for dozens of documents spanning over 350 pages. *See, e.g.*, *Banner Health v. Price*, 867 F.3d 1323, 1335–36 (D.C. Cir. 2017) (per curiam) (affirming denial of motion to supplement the record). Jazz's approach undermines the parties' ability to brief a fixed record, leaving them to aim at an undefined target, by flooding the zone with overwhelmingly irrelevant materials that are not properly subject to consideration under the Administrative Procedure Act. Jazz "had ample time to act" before Avadel's summary judgment motion was due, and Jazz's delay prejudicially "denied [defendants] the opportunity to treat the [documents] as part of the administrative record in preparing [their]

motion[s] for summary judgment." *Id.*  Jazz's Motion should be denied on this ground.[1]

## II.   JAZZ HAS FAILED TO SHOW THAT THE RECORD IS INCOMPLETE OR REQUIRES SUPPLEMENTATION

Jazz also fails to demonstrate that completing or supplementing the record is warranted on the merits.  As detailed below, a single pervasive flaw undermines all of Jazz's arguments.  Jazz seems to believe that any document in FDA's *possession* is properly considered to be part of the record—whether it was put before the agency in this proceeding or another proceeding; and even if the document was in no way cited, relied upon, or considered in FDA's ODE Decision for LUMRYZ that is at issue here.  In Jazz's view, any document that was "before" the agency—in the loose sense that the agency had access to the document, either directly (because the document was in its possession) or indirectly (as a footnote or citation within a document in its possession)—is part of the record.  As detailed below, that is simply not the governing standard in this Circuit.

### A.   Jazz Fails To Meet The Standard To Complete The Record

To succeed on a motion to complete the administrative record with additional documents that were considered by the agency, the movant must, as relevant here, "'put forth concrete evidence' and identify 'reasonable, non-speculative grounds for [its] belief that the documents were considered by the agency . . . .'"  *Oceana, Inc. v. Ross*, 290 F. Supp. 3d 73, 78 (D.D.C. 2018). That requires not just the mention of a document in another record document, or even a "mention of a document's existence" in the agency's decision, but rather that the agency "rel[ied] on a document to support a factual assertion."  *Id.* at 80.  Jazz has shown nothing like that here.

---

[1] Jazz's citation to *District Hospital Partners, L.P. v. Sebelius* is inapposite.  *See* 971 F. Supp. 2d 15, 21 (D.D.C. 2013) (cited at Dkt. 64 at 34).  There, the Court allowed late filing of a motion to supplement the record, because the delay "was harmless," but went on to deny many of the plaintiffs' requests for supplementation on the merits.  *Id*. at 21–32.  Here, Avadel has detailed the prejudice Avadel would suffer if the Court granted Jazz's Motion.

3

**Documents allegedly mentioned or cited in the record**: Jazz seeks the admission of numerous documents (Exs. 1, 3, 10–14, 17, 19, 22, 24–25, 28–30, 32, 34, 39) on the ground that they were mentioned or cited in documents in the record. Dkt. 65 at 2–3. Yet "[c]ourts in this District have routinely recognized that 'the mere mention of a document in the agency's decision or the record does not always mean, *ipso facto*, that the agency considered the document.'" *Taylor Energy Co. LLC v. United States*, No. 20-CV-1086, 2021 WL 538052, at *6 (D.D.C. Feb. 15, 2021) (collecting cases). Rather, in the absence of *discussion by the agency* of the "substantive content" of the document, courts presume that the document was not "considered" by the agency. *WildEarth Guardians v. Salazar*, 670 F. Supp. 2d 1, 6 (D.D.C. 2009). Jazz does not attempt to show that FDA even mentioned most of these documents, much less that FDA substantively relied on any of them by citing them for factual propositions. Indeed, Jazz principally identifies documents that were supposedly "alluded to" or "cited in" other *non-FDA* documents in the record, like the hundreds of citations in Avadel's and Jazz's submissions and in various scientific articles.[2]

**Prior FDA-created records**: Jazz also seeks the admission of many exhibits (Exs. 1, 3, 10–14, 26–27, 38, 44–47) on the grounds that they are "FDA records," "prior FDA decisions," or "official FDA rules." Dkt. 65 at 2–3. But these documents suffer from the same problem: The question is not whether FDA created a given record, it is whether FDA substantively relied on the

---

[2] Jazz's reliance on *County of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64 (D.D.C. 2008), for the proposition that a document may be deemed to have been considered if "the decision makers 'knew about' the document 'during [their] decision-making process'" or if the document was created by the agency, Dkt. 64 at 27–28 (quoting *San Miguel*, 587 F. Supp. 2d at 75), is misplaced. As another court in this District found, this reading "overstates the holding of [the *San Miguel*] court." *Grunewald v. Jarvis*, 924 F. Supp. 2d 355, 358 (D.D.C. 2013). The documents at issue in *San Miguel* were either stipulated to be part of the record or were the subject of "inconsistent representations" by the government as to whether they were part of the record. 587 F. Supp. 2d at 73–74. Similar considerations "are not present here, and the case is therefore readily distinguishable." *Grunewald*, 924 F. Supp. 2d at 358.

4

record in the decision Jazz challenges—*i.e.*, the LUMRYZ ODE Decision—and thus the record was actually considered by the agency. *See Deripaska v. Mnuchin*, No. 19-CV-727, 2020 WL 7828783, at *7 (D.D.C. Dec. 29, 2020) (Mehta, J.) ("An agency does not 'skew' the administrative record when it does not include agency documents that were not used in making its decision.").

**Documents possessed by FDA**:  Jazz next seeks the admission of several scientific articles (Exs. 17–22, 24–25, 29–31, 33–34, 36) on the ground that FDA possessed the articles (many of which Jazz does not even contend were submitted in relation to the LUMRYZ NDA) at the time of FDA's decision to approve LUMRYZ.  Dkt. 65 at 3.  But possession is not the standard:  Jazz has not made any serious attempt to show that FDA substantively relied on the documents in its decision to approve LUMRYZ, *i.e.*, "considered, reviewed, referred to, or cited" them, as opposed to merely "received" or possessed them.  *Deripaska*, 2020 WL 7828783, at *7.

### B. Jazz Fails To Meet The Standard To Supplement The Record

Jazz's request to supplement the record is equally meritless.  Because "an agency enjoys a 'strong presumption' that it has properly designated the administrative record," a motion to supplement the administrative record with documents that were not considered by the agency requires that the movant demonstrate "unusual circumstances" justifying supplementation. *Hight v. DHS*, No. 19-CV-2094, 2020 WL 12918345, at *1 (D.D.C. Mar. 30, 2020) (Mehta, J.). "Plaintiffs bear a heavy burden" to demonstrate that those exceptional circumstances apply, *Safari Club Int'l v. Jewell*, 111 F. Supp. 3d 1, 4 (D.D.C. 2015), through "concrete evidence," *Conservation Force v. Salazar*, No. 10-CV-1262, 2012 WL 11947683, at *2 (D.D.C. Feb. 6, 2012). Jazz has not carried that burden here as to any of the exceptional circumstances it invokes.

*First*, Jazz asserts—without explanation—that FDA "deliberately or negligently" excluded two categories of documents that may have been adverse to FDA's decision: (1) materials that were attached to or discussed in some of Avadel's and Jazz's submissions to FDA (Exs. 3, 11, 13–

5

14, 17, 24, 34), and (2) FDA-created materials (Exs. 1, 10, 26–27, 38, 44–47).  Dkt. 64 at 29–30.  However, establishing that an agency deliberately or negligently excluded adverse documents "requires a strong showing of agency bad faith," and "the D.C. Circuit ha[s] held that 'conclusory statements'" like Jazz's "fall far short of that high threshold."  *Deripaska*, 2020 WL 7828783, at *3 (quoting *Dist. Hosp. Partners, L.P. v. Burwell*, 786 F.3d 46, 56 (D.C. Cir. 2015)).  Jazz fails to show bad faith in excluding these documents (much less that they are even adverse to begin with).

*Second*, Jazz asserts that some documents (Exs. 1, 10, 44–47) should be added to the record because they "go to whether OOPD irrationally disavowed the existence of a dispositive policy" on comparable safety, such that, without these documents, the "court cannot determine from the administrative record whether the agency complied with its procedural obligations."  Dkt. 64 at 30.  But that exception is a narrow one, addressed to "gross procedural deficiencies—such as where the administrative record itself is so deficient as to preclude effective review."  *Long v. HHS*, 422 F. Supp. 3d 143, 156 (D.D.C. 2019) (Mehta, J.) (quoting *Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013)), *aff'd*, 2021 WL 6102198 (D.C. Cir. Dec. 3, 2021).  Jazz does not even suggest that the record is silent on these issues or "so bare that it prevents effective judicial review of [FDA's] conclusions."  *Oceana, Inc. v. Ross*, 454 F. Supp. 3d 62, 73 (D.D.C. 2020).  On the contrary, the existing administrative record already includes numerous prior FDA decisions pertaining to Jazz's alleged "comparable safety" policy, *see, e.g.*, A.R.1433–37 (Benefix); A.R.1438–42 (Rebif); A.R.1496–507 (Procysbi); A.R.1522–28 (Valtoco); A.R.1466–71 (Ravicti); A.R.1637–40 (Ultomiris).  Given all of this, Jazz cannot show that the record is either silent on this issue or "so bare that it prevents effective judicial review."  *Oceana*, 454 F. Supp. 3d at 73.

*Third*, Jazz asserts that several "medical journal articles" (Exs. 17–22, 24–25, 28–32, 33–34, 36, 39) should be added to the record because they provide "background information" that is

6

"needed to determine whether the agency considered all the relevant factors." Dkt. 65 at 4; Dkt. 64 at 30–31 (quoting *City of Dania Beach v. FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010)).  But this exception requires that "the document in question must do more than raise nuanced points about a particular issue; it must point out an *entirely new* general subject matter that the defendant agency failed to consider." *Oceana*, 454 F. Supp. 3d at 70.

Jazz purports to identify two such subject matters, but these are not "entirely new general subject matter[s]." *Id.*  First, Jazz claims that FDA failed to consider the subject matter of how "twice-nightly oxybate therapy improves . . . sleep architecture and consolidates sleep." Dkt. 64 at 31.  In reality, FDA fully acknowledged that twice-nightly oxybate drugs are part of a "class of drugs that improves symptoms of [excessive daytime sleepiness] and . . . cataplexy"; that they "act[] primarily through consolidating nighttime sleep"; and that they do so by improving "sleep continuity through the normal stages of sleep architecture," which helps to produce "optimal symptom control." A.R.536 (citing A.R.2024–62; A.R.2030).

Second, Jazz claims that FDA completely failed to consider the subject matter of the effect of "once- and twice-nightly dosing when it comes to the sleep of patients with narcolepsy." Dkt. 64 at 31.  But in reality, FDA relied on reams of evidence that the full awakening required to take a twice-nightly drug, which is not required to take a once-nightly drug, significantly disrupts sleep because it interrupts and resets normal sleep cycles. *See, e.g.*, A.R.534–36 & nn.61–66, A.R.550–52 & nn.176–77, 179–93, A.R.562–63.  FDA detailed the reasons that it is desirable to avoid such a forced awakening, which is required to take Jazz's drugs, but not to take LUMRYZ, and why this difference in dosing regimen produces differences in patients' sleep architecture. *See id.*

The problem for Jazz is that FDA did not fail to consider these issues:  Instead, Jazz made a strategic choice in its summary judgment briefing not to address *any* of FDA's actual record

evidence on these issues. Because FDA addressed each of the subject matters that Jazz claims that FDA entirely failed to address, supplementation is not merited. *See Nat. Res. Def. Council, Inc. v. Doremus*, No. 20-CV-1150, 2021 WL 2322349, at *7 (D.D.C. June 7, 2021) (refusing to add documents to the record because the relevant subject matter was already discussed in the record).

*Finally*, Jazz makes up a new exception—unsupported by precedent—for documents (Exs. 1, 2, 9–10, 12, 14, 26–27, 38) that it claims "may be freely cited" as "legal authorities." Dkt. 64 at 4–6. But a quick look at the "legal authorities" that Jazz claims it may "freely" cite confirms that Jazz is attempting to circumvent the requirements to supplement the record by making up a new category that is exempt from the supplementation rules. Jazz's cited materials include: a private FDA letter to a drug manufacturer regarding orphan drug designation for non-oxybate drugs (Ex. 1); private correspondence between Jazz and FDA (Exs. 26–27, 38); FDA industry guidance regarding the labeling of products containing sodium and the consumption of sodium (Exs. 12, 14); and a blog post from 2014 regarding orphan drug exclusivity (Ex. 2). Jazz cannot simply label such documents as "legal authorities" to evade the rules governing supplementation.[3]

## III. CONCLUSION

For the foregoing reasons, the Court should deny Jazz's Motion to Complete and Supplement the Record and grant Avadel's Motion to Strike.

---

[3] Jazz cites two cases, neither of which is availing. While *Nio v. Department of Homeland Security*, 385 F. Supp. 3d 44 (D.D.C. 2019), noted that the Court "is not limited to the administrative record in conducting legal analysis," which "must take into account relevant . . . agency authority," *id.* at 59, subsequent cases have made clear these principles apply only where "a plaintiff alleges that an agency has engaged in conduct that directly contravenes a substantive statute that has a cause of action for that violation"—not where, as here, a plaintiff simply "challenge[s] agency action under the APA." *Kiakombua v. Wolf*, 498 F. Supp. 3d 1, 22–23 (D.D.C. 2020); *see Las Ams. Immigrant Advoc. Ctr. v. Wolf*, 507 F. Supp. 3d 1, 18 (D.D.C. 2020) (similar). Likewise, in *Ferring Pharmaceuticals, Inc. v. Burwell*, No. 15-CV-802, 2016 WL 4734333, at *8–9 (D.D.C. Sept. 9, 2016), *denying enforcement*, 296 F. Supp. 3d 166 (D.D.C. 2018), FDA did not oppose the court's consideration of two extra-record materials. Consequently, the court did not have the opportunity to opine on whether the extra-record documents were "legal authorities." *See id.*

Date:  December 22, 2023                     Respectfully submitted,

/s/ *Philip J. Perry*
Philip J. Perry (DC Bar No. 434278)
John R. Manthei (DC Bar No. 447123)
Andrew D. Prins (DC Bar No. 998490)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: philip.perry@lw.com

Nicholas L. Schlossman (DC Bar No. 1029362)
LATHAM & WATKINS LLP
300 Colorado Street, Suite 2400
Austin, TX 78701
Tel: (737) 910-7300
Fax: (737) 910-7301

*Attorneys for Defendant-Intervenor*
*Avadel CNS Pharmaceuticals, LLC*