UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAZZ PHARMACEUTICALS, INC.,

*Plaintiff*,

v.

XAVIER BECERRA, *et al.*,

*Defendants,*

and

AVADEL CNS PHARMACEUTICALS, LLC,

*Intervenor-Defendant.*

Case No. 1:23-cv-01819-APM

**RESPONSE TO NOTICE OF SUPPLEMENTAL EXHIBITS**

On September 4, 2024, Plaintiff attempted to prove the existence of an FDA policy requiring comparable safety and efficacy by submitting Exhibit 48, an extra-record Office of Orphan Product Development (OOPD) decision expressly *rejecting* any such policy. Exhibit 48, ECF No. 99-2, at 5 ("A drug is not required to have comparable effectiveness or safety to the previously approved drugs in order to provide a [major contribution to patient care] over those drugs, but relative effectiveness and safety of the drug may be relevant in assessing whether a drug makes a [major contribution to patient care]."). As Federal Defendants explained, however, the statements in Exhibit 48 on which Plaintiff relies do not prove that such a policy in fact exists or ever existed. ECF No. 100; *cf.* ECF No. 99, at 4.

Now, Plaintiff proffers an OOPD 2010 designation stage letter (Exhibit 49) and a review division's 2024 response to an OOPD 2020 consult request (Exhibit 51). ECF Nos. 102-2, 102-4. Like Exhibit 48, these documents (neither of which are part of the record and one of which post-dates the decision challenged here) add nothing to what has already been said on this issue, and Federal Defendants refer the Court to the points it made in its response to Plaintiff's September 12 filing regarding, *inter alia*, the 2010 designation stage letter and 2020 consult request. *See* ECF No. 100.

Plaintiff's only new contention is its suggestion that the 2024 consult response "shows that, as recently as April 2024 . . . one of FDA's review divisions understood the comparable-safety requirement was a 'regulatory threshold' for a finding of clinical superiority based on a major contribution to patient care." ECF No. 102, at 2. But the document reflects no such understanding. Plaintiff's argument takes language in the 2024 consult response out of context and mischaracterizes its import; that language does not invoke a "comparable-safety requirement." The 2024 consult response is entirely consistent with FDA's position that relative safety and efficacy may be relevant but is not determinative. AR545. Thus, the 2024 consult response is consistent with Exhibit 48, and both extra-record documents are consistent with the instant decision.

In sum, Plaintiff's fourth set of extra-record exhibits fails to establish that FDA has, or ever had, a comparable safety and effectiveness policy.

September 27, 2024                                  Respectfully submitted,

                                                      /s/ Noah T. Katzen
                                                      Noah T. Katzen (D.C. Bar No. 1006053)

Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044-0386
(202) 305-2428
(202) 514-8742 (fax)
Noah.T.Katzen@usdoj.gov

*Attorney for Federal Defendants*